```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

**TIMOTHY W. BROWN**                                          **PLAINTIFF**

       **v.**          **Civil No. 10-3027**

**ARKANSAS DEPARTMENT OF**
**HUMAN SERVICES, et. al**                                    **DEFENDANTS**

## O R D E R

Now on this 12th day of November, 2010, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #14), and plaintiff's **Objection To Report And Recommendation Of The Magistrate Judge** (document #15), and from said documents, the Court finds and orders as follows:

    1.   Plaintiff's Complaint centers on the termination of his parental rights as to three children, and an ongoing proceeding to terminate his parental rights as to a fourth child.

    2.   The Magistrate Judge conducted an initial screening of the *in forma pauperis* plaintiff's Complaint, as required by **28 U.S.C. § 1915A**, and reported as follows:

    *   that plaintiff's claims relating to termination of his parental rights to three of his children, and his claims relating to his various arrests, are barred by the statute of limitations;

    *   that the remainder are claims from which this Court is required to abstain; and

    *   that defendants Isbell, Mathis, and Evans are immune from suit.

3. Plaintiff objects that the statute of limitations has not run because the alleged constitutional violations are ongoing; that the statute was tolled by "numerous administrative remedies sought by Plaintiff" and by the actions of the Arkansas Department of Human Services when it made termination of parental rights in the three children the basis for termination of parental rights in the fourth child; that an exception to the **Younger** abstention doctrine applies; and that the "evidence offered the Magistrate Judge by the Plaintiff was not clear." He seeks a hearing at which he proposes to "submit additional evidence to clarify and substantiate his claim."

4. Starting with the last of plaintiff's Objections, the Court notes that additional evidence can only be received if plaintiff *has* a claim, not in order to *plead* his claim. In order to determine if the pleading is sufficient, the Court considers only those written instruments attached to the Complaint. **F.R.C.P. 10(c)**. Thus the objection relating to "additional evidence" is without merit, and will be overruled.

5. Plaintiff's objection that the statute of limitations has not run because the termination of his parental rights is an ongoing constitutional violation is also without merit. A cause of action for a **§ 1983** claim accrues when the plaintiff has a complete and present cause of action. **Wallace v. Kato, 549 U.S. 384, 388 (2007).** This point was reached, with regard to

termination of plaintiff's parental rights to three of his children, on February 24, 2004.

While plaintiff rightly perceives the termination of his parental rights to these three children as ongoing, that does not mean that any constitutional violation related thereto is ongoing. The principle is explained in **Love v. McCown, 38 Fed. Appx. 355 (8th Cir. 2002),** where the court distinguished between an employee's demotion, which it described as "a static, past constitutional violation," and the failure to provide a prisoner with a kosher diet, which described as "a continuing constitutional violation."

The termination of plaintiff's parental rights is a static, past act, even though it causes him to continue to be without his parental rights, just as the employee's demotion in **Love** was a static, past act, even though it caused the demoted employee to continue to be without his former job.

6.   Plaintiff's objections based on tolling of the statute of limitations are also without merit. He first contends that the statute of limitations as to the termination of his parental rights was tolled by his attempt to obtain administrative remedies.  He cites no legal authority for this proposition, and the Court doubts there could be any.  Plaintiff's parental rights were terminated by the Circuit Court of Boone County, Arkansas. His recourse against this order was to the appellate courts of the

State of Arkansas. No administrative agency would have the power to set it aside.

Plaintiff next contends that the statute of limitations was tolled on November 10, 2009, when the Arkansas Department of Human Services made the first termination of parental rights grounds for the now-pending termination of rights in his fourth child. Even if this argument were supported by some legal authority - which it is not - and even if it had some arguable merit - which it does not - it would be unavailing.

More than three years elapsed between the first termination (February 24, 2004) and the act plaintiff asserts as tolling (November 10, 2009). The Magistrate Judge reported that a three-year statute of limitations applies to plaintiff's claims, and he does not dispute that. Thus, without regard to the basis for his argument, the statute of limitations on his claims had expired before the alleged tolling event. Tolling does not revive an expired statute of limitations. **Evans v. Northwest Tire Service, 23 Ark. App. 11, 14, 740 S.W.2d 151, 153 (Ark. App. 1987).**

7. Finally, plaintiff contend that an exception to abstention pursuant to **Younger v. Harris, 401 U.S. 37 (1971)** applies to this case. He sees "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate" in the following:

* The same judge is presiding over the current termination

of parental rights case as over the first one.

* The same attorney ad litem represents the child in the current termination case as represented the three children in the first case, and has "not protected their interests or rights in either case."

* The Court Appointed Special Advocate is the same person for all four children, and has "not protected their interests or rights in either case."

* The ground for termination of parental rights in the current case is the termination of parental rights in the first case.

* There have been multiple investigations by Arkansas Department of Human Services.

These circumstances do not qualify as bad faith, harassment, or extraordinary circumstances sufficient to justify this Court interfering in an on-going state court proceeding.  Indeed, they amount to little more than an expression of plaintiff's dissatisfaction with the outcome of the first termination case, and his expectation that he will be unhappy with the outcome of the second one.  This objection is without merit.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #14) is **adopted in toto**.

**IT IS FURTHER ORDERED** that plaintiff's **Objection To Report And Recommendation Of The Magistrate Judge** (document #15) are

**overruled.**

**IT IS FURTHER ORDERED** that, plaintiff's claims are **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                           **/s/ Jimm Larry Hendren**
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**